UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.J.J.T., an individual minor, by and through his mother and next friend, KELLY D. WILSON; KELLY D. WILSON, individually; and DELVIN V. TAVAREZ, individually, <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>    Defendant. | Civil No. 3:15-cv-1073 <br> Judge Aleta A. Trauger |

# MEMORANDUM

The defendant has filed a Motion to Dismiss (Docket No. 18), to which the plaintiffs have filed a Response in Opposition (Docket No. 26). For the following reasons, the motion will be denied.

## BACKGROUND & PROCEDURAL HISTORY[1]

This is a health care liability action arising from allegedly substandard health care provided to A.J.J.T., a minor, by medical staff of the Blanchfield Community Hospital ("BACH") at Fort Campbell, Kentucky. On January 10, 2005, A.J.J.T.'s mother, Kelly Wilson, presented in labor to the labor and delivery unit at BACH. The plaintiffs, A.J.J.T. and his parents, allege that the defendant, the United States, failed to "properly manage the care and treatment of A.J.J.T. during his delivery, . . . recognize and respond to obvious signs of deteriorating fetal response to labor, and . . . timely deliver[] A.J.J.T. via an emergency cesarean

---

[1] Unless otherwise noted, the facts recounted in this section are drawn from the Complaint (Docket No. 1) and are assumed to be true for purposes of evaluating the Motion to Dismiss.

1

section." (Docket No. 1 ¶ 1.) As a result of these failures, the plaintiffs allege that A.J.J.T. has injuries to his brain that are "severe, disabling, disfiguring, and permanent" and that he has been diagnosed with spastic quadriplegic cerebral palsy. (*Id.* ¶ 60.)

On January 9, 2007 – roughly two years after the tragic events giving rise to their cause of action – the plaintiffs timely submitted their administrative claim to the U.S. Army Claims Service, as required by 28 U.S.C. § 2401(b). According to the plaintiffs, the Department of the Army acknowledged receipt of their claims in January and again in December of 2007. The plaintiffs further allege that an "Attorney Advisor at Fort Meade communicated interest in working toward a settlement, and the administrative claim proceeded through a lengthy investigation by the Army Claims Service." (Docket No. 1 ¶ 15.) As a result, the claim was not initially denied until February 19, 2015, eight years after the plaintiffs had filed their administrative claim. The plaintiffs further allege that they filed a request for reconsideration of this initial denial on March 30, 2015 and that the U.S. Army Claims Service sent notice constituting a final denial of the action on April 10, 2015.

The plaintiffs filed the Complaint with this court on October 6, 2015, alleging claims for medical professional negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.* (the "FTCA"). (Docket No. 1.) On February 16, 2016, the defendant filed a Motion to Dismiss the plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 18.) In the accompanying Memorandum in support of the motion, the defendant argues that the plaintiffs' claims are barred by Tennessee's three-year statute of repose for health care liability actions (Docket No. 19, pp. 6–8), which requires plaintiffs to bring medical malpractice claims within three years of "the date on which the negligent act or omission occurred." Tenn. Code Ann. § 29-26-116(a)(3). The defendant further

argues that the FTCA, and the procedural requirements found therein, does not preempt Tennessee's statute of repose but, rather, expressly incorporates it. (Docket No. 19, pp. 8–13.) According to the defendant, the plaintiffs' claims have been extinguished by applicable state law, and the court, therefore, has no jurisdiction over those claims. (*See id.*)

On April 21, 2016, after obtaining an extension of the filing deadline, the plaintiffs filed a Response in Opposition to the defendant's motion. (Docket No. 26.)[2] In their Response, the plaintiffs argue that the federal statutory scheme that provides procedural requirements for the filing of FTCA claims – with which they fully complied – preempts Tennessee's statute of repose. (*Id.* at pp. 5–8.) Additionally, the plaintiffs argue that federal preemption of a state statute of repose is particularly appropriate where, as in this case, the plaintiffs filed their administrative claim within the time period provided by the statute of repose, even if they failed to file suit in the district court until after that repose period had lapsed. (*Id.* at p. 9.)

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss . . . generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Here, the defendant challenges the court's subject matter jurisdiction in a facial attack (Docket No. 19, p. 3), meaning that the defendant "challenge[s] the sufficiency of the pleading itself," *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "When

---

[2] The plaintiffs concurrently filed a motion requesting oral argument on the motion, stating that their counsel believed that the court "would benefit from a discussion of the authorities cited by both sides in their briefs, as well as the history of the plaintiffs' administrative claim under the FTCA in this case." (Docket No. 27.) After reviewing the record, the court concluded that oral argument was not necessary for disposition of the pending motion and denied the plaintiffs' motion. (Docket No. 30.)

3

reviewing a facial attack, a district court takes the allegations in the complaint as true." *Gentek*, 491 F.3d at 330. The court must, therefore, determine whether the allegations in the Complaint, which include allegations regarding the administrative claim that the plaintiffs filed with the U.S. Army Claims Service, demonstrate that the court lacks jurisdiction over the plaintiffs' claims under the FTCA.

I.  **Absent Preemption of Tennessee's Three-Year Statute of Repose, the Plaintiffs' Claims Are Barred.**

As courts have consistently recognized, the United States is protected from suit by sovereign immunity and cannot be sued without its consent. *See S. Rehab. Grp., P.L.L.C. v. Sec'y Health & Human Servs.*, 732 F.3d 670, 676 (6th Cir. 2013). Only Congress may waive this immunity, and any such waiver "must be unequivocally expressed in the statutory text." *Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 498 (6th Cir. 2014) (quoting *United States v. Idaho*, 508 U.S. 1, 6 (1993)). Furthermore, any waiver of the United States' sovereign immunity must be "strictly construed in favor of the United States" and "not enlarged beyond what the language of the statute requires." *Id.* (internal quotations omitted); *accord Ford Motor Co. v. United States*, 768 F.3d 580, 585 (6th Cir. 2014). The Supreme Court has also cautioned, however, that courts should be careful not to "assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick*, 444 U.S. 111, 118 (1979).

The plaintiffs' claims for medical professional negligence were brought pursuant to the FTCA, which provides for a waiver of the federal government's sovereign immunity in limited contexts and "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011) (citing 28 U.S.C. § 2679(a)). In order to avail themselves of this waiver and file suit in federal court, plaintiffs must – as the plaintiffs allegedly did in the instant case – comply with the procedural requirements of

4

28 U.S.C. § 2401, which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues or unless action is begun within *six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). The FTCA further provides that "[t]he failure of an agency to make final disposition of a [plaintiff's administrative] claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim," allowing the plaintiff to file suit in federal court. *Id.* § 2675(a).

A plaintiff's satisfaction of these procedural requirements does not, however, necessarily entitle the plaintiff to recovery under the FTCA. As the defendant has correctly argued, the FTCA does not create a cause of action against the United States, nor does it provide a means for enforcing federal statutory duties. *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Rather, the FTCA merely "waives sovereign immunity to the extent that state-law would impose liability on 'a private individual in similar circumstances.'" *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994) (quoting 28 U.S.C. § 2674). Courts applying the FTCA must, therefore, "look to the substantive tort law of the state in which the cause of action arose to determine liability and damages." *Huddleston v. United States*, 485 F. App'x 744, 745 (6th Cir. 2012).

The plaintiffs' claims arise out of the alleged malpractice of BACH medical staff, and the court must, therefore, look to Tennessee law to determine the liability of the defendant for the plaintiffs' injuries. Under Tennessee law, a plaintiff must meet the requirements of a statute of repose in order to have a cause of action for medical malpractice:

> In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

5

Tenn. Code Ann. § 29-26-116(a)(3). As the Sixth Circuit has recognized, this statute of repose "is a substantive requirement, not just a procedural hurdle." *Huddleston*, 485 F. App'x at 745–46 (citing *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995)). In comparison to a statute of limitations, "which eliminates the remedy available to the plaintiffs, Tennessee's statute of repose extinguishes the cause of action itself." *Id.*

As alleged in the Complaint, A.J.J.T. was delivered on January 10, 2005, and he did not file suit in this court until 2015, almost a decade later. The plaintiffs' claims, therefore, are barred by Tennessee's three-year statute of repose, *unless* the FTCA – and the procedural requirements contained therein – preempts the statute of repose and, thereby, precludes its application to the plaintiffs' claims.

## II.  The FTCA Preempts Tennessee's Statute of Repose.

The plaintiffs argue that the FTCA – and, specifically, the procedural requirements found in § 2401 – preempts Tennessee's three-year statute of repose, which is a legal question that the Sixth Circuit has never directly addressed. In *Huddleston*, the Sixth Circuit suggested that the FTCA does *not* preempt Tennessee's statute of repose when it held that Tennessee's statute of repose bars a plaintiff's FTCA claims when the plaintiff fails to file an administrative claim in compliance with § 2401 within the three-year period of repose. 485 F. App'x at 746. The opinion contains no discussion of federal preemption doctrine or analysis of its application to the statute of repose, but the Sixth Circuit did state – in dicta – that "applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause." *Id.* At the same time, however, the Sixth Circuit expressly left open the question of whether the FTCA preempts the statute of repose when – as is the case here – the plaintiffs *have* filed their federal administrative claim within the statutory period of repose. *Huddleston*, 485 F. App'x at 746; *Kennedy v. U.S.*

6

*Veterans Admin.*, 526 F. App'x 450, 455 (6th Cir. 2013) ("The *Huddleston* court expressly left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose."). This court must, therefore, turn to this open question of law in order to decide this motion.

The defendant argues that this court should follow the Seventh Circuit's reasoning in *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013), which concluded that the FTCA's "procedural scheme" did *not* preempt Illinois's four-year statute of repose. *Id.* at 753–54 (citing 735 Ill. Comp. Stat. 5/13-212). The Seventh Circuit began its analysis with the presumption that "Congress does not intend to supplant state law" but recognized that "state law may be preempted by federal legislation either by express provision, by implication, or by a conflict between federal and state law." *Id.* (quoting *Frank Bros., Inc. v. Wis. Dep't of Trans.*, 409 F.3d 880, 885 (7th Cir. 2005)); *see also Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 965 (6th Cir. 2004) (recognizing these three categories of federal preemption). The Seventh Circuit then concluded that the FTCA does not "expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law," noting that, "to the contrary, it expressly incorporates it." *Augutis*, 732 F.3d at 754. Finally, the Seventh Circuit concluded that there was "no conflict between state and federal law because it was possible for [the plaintiff] to have satisfied the requirements of both regimes." *Id.* Like the plaintiffs here, the plaintiff in *Augutis* had filed his administrative claim within the period of repose but had not received the agency's denial of that claim until *after* the period of repose had elapsed. *Id.* The Seventh Circuit noted, however, that, pursuant to 28 U.S.C. § 2675(a), the plaintiff was entitled to bring an action in a federal court six months after he filed his administrative claim, which was well within Illinois's period of repose,

so there was no actual conflict between the two regimes. *Id.* The court further reasoned that, although the result was unfortunate, the plaintiff himself had chosen to continue pursuing his administrative claim while the statute of repose extinguished his federal claim. *Id.* The Seventh Circuit concluded that Illinois' statute of repose was not preempted by the FTCA and that it, thereby, applied to bar the plaintiff's claims, regardless of whether the plaintiff had complied with the procedural requirements of 28 U.S.C. § 2401(b) within the applicable repose period. *Id.*

This court is neither bound by the *Augutis* holding, nor, ultimately, persuaded by its reasoning. Rather, the court is persuaded by the reasoning found in the district court decisions cited by the plaintiff – one from this very district – which conclude that a state's statute of repose *is* preempted by the FTCA where a plaintiff files an administrative claim within the repose period. *See Jones v. United States*, 789 F. Supp. 2d 883 (M.D. Tenn. 2011) (concluding that Tennessee's statute of repose is preempted by the procedural requirements found in the FTCA); *McKinley v. United States*, No. 5:15-cv-101, 2015 WL 5842626 (M.D. Ga. Oct. 6, 2015) (same); *Blau v. United States*, No. 8:12-cv-2669, 2013 WL 704762 (M.D. Fla. Feb. 26, 2013) (holding that Florida's statute of repose is preempted by the FTCA). Each of these courts reasoned that, in circumstances in which a plaintiff has timely filed his administrative claim within the state's prescribed repose period, application of a statute of repose to bar the plaintiff's claim interferes with "the [congressional] intent of the FTCA for claimants to first file their claims before the agency that would have the best information . . . ." *Jones*, 789 F. Supp. 2d at 892; *accord McKinley*, 2015 WL 5842626, at *13 ("Tennessee's statute of repose stands as an obstacle to the objective of the time limitations dictated in the FTCA."); *Blau*, 2013 WL 704762 (concluding that applying Florida's statute of limitations to bar a plaintiff's claims is "far too harsh for the claimant whose faith in the administrative process leads him to wait more than six months for the

resolution of his claim" (quoting *Mack v. United States*, 414 F. Supp. 504, 507 (E.D. Mich. 1976)). These decisions, therefore, conclude that the FTCA impliedly preempts the application of a state statute of repose to bar a plaintiff's claim that was otherwise timely filed in accordance with the requirements of § 2401(b).

This conclusion finds further support in a recent Sixth Circuit case, *Kennedy v. United States*, 526 F. App'x 450, 455–56 (2013), where an FTCA claim was allowed to proceed, despite the fact that the plaintiff had not filed suit in a federal district court before the end of Ohio's four-year statute of repose. The majority opinion in *Kennedy* did not reach the question of federal preemption,[3] but a concurring opinion by Judge White stated that she would resolve the appeal "on the basis that the FTCA preempts a state statute of repose where the claimant files an administrative claim within the repose period and in accordance with the deadlines set forth under § 2401(b)." 526 F. App'x at 459 (White, J., concurring). After acknowledging that it was "not impossible" for the plaintiff to comply with both the Ohio statute of repose and the procedural requirements of the FTCA, the concurrence notes that "Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government." *Id.* at 458. The concurrence then warns that the application of Ohio's statute of repose to bar the plaintiff's claim "undercut[s] [this] federal procedure" and, thereby, allows the state statute to "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (quoting *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012)). The concurrence concludes that, as such, and lest agencies be encouraged to "delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim," the

---

[3] The majority determined that, based on a recent decision issued by the Ohio Supreme Court, the state's statute of repose was inapplicable to the plaintiff's claims and, therefore, did not act as a bar to those claims. *Kennedy*, 526 F. App'x at 455–56.

9

FTCA preempts a state statute of repose where the plaintiff "invoke[s] the administrative process" by filing a timely claim in compliance with § 2401(b). *Id.* at 458–59.

The plaintiffs were injured in January of 2005 and filed their administrative claim in January of 2007, well within both the Tennessee statutory period of repose and the FTCA's limitations period. The plaintiffs then waited for the agency's final denial of the administrative claim for eight years, allegedly in a good-faith attempt to work with the Department of Army to administratively resolve their claim and in apparent reliance on the Department's communicated interest in working toward a settlement. The defendant accurately observes that, pursuant to § 2675(a) of the FTCA, the plaintiffs were entitled to bring an action in federal court at any time after June of 2007, six months after they filed their administrative claim. If the plaintiffs had filed suit at that time, they could have complied with both the procedural requirements of the FTCA and Tennessee's three-year statute of repose. (Docket No. 19, p. 9.) Even though compliance with both statutes was possible, however, requiring such compliance undermines the administrative resolution of plaintiff's tort claims against the federal government, placing additional time limits on the administrative process and encouraging the plaintiffs to abandon the process in favor of a lawsuit as soon as six months has passed. In the court's view, this application of the Tennessee statute of repose would stand as an obstacle to accomplishing the plain purpose of the procedural requirements found in § 2401(b): "[P]rovid[ing] a more efficient and effective process for resolving tort actions against the federal government." *Kennedy*, 526 F. App'x at 458 (White, J., concurring). Moreover, the filing of the administrative claim within the statute of repose meets the policy behind such limitation provisions, which is to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Gabelli v.*

*S.E.C.*, 133 S. Ct. 1216, 1221 (2013) (quoting *R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944)).  Here, the defendant was on notice of the claim when the plaintiffs filed their claim with the Department of Army only two years after the alleged medical malpractice occurred, and the defendant cannot claim that it was surprised by the plaintiffs' ultimate filing of a lawsuit in this court.

When a plaintiff timely files and pursues an administrative claim in compliance with § 2401(b), therefore, the FTCA preempts application of the Tennessee statute of repose to bar a later federal suit by that plaintiff.  Accordingly, the plaintiffs' claims are not barred, and the defendant's motion to dismiss for lack of jurisdiction will be denied.

## **CONCLUSION**

For the reasons discussed herein, the Motion to Dismiss filed by the defendant (Docket No. 18) will be denied.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge